**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | *   Crim. No. TDC-14-0484 |
| **JUAN ANTHONY ROSEBAR** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE**</u>

The defendant, Juan Rosebar, through undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress tangible and derivative evidence obtained from an unlawful search and seizure on or about, April 25, 2014, and as grounds therefore states the following:

1.   The defendant, Juan Rosebar, has been charged with possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime and felon in possession of a firearm, in violation of 21 U.S.C. § 841(a); and 18 U.S.C. § 924(c) and (g). Mr. Rosebar was arraigned on January 9, 2015 and entered pleas of not guilty to all counts.

2.   Based on preliminary information provided by the government, various law enforcement officers executed a search warrant at 2242 Virginia Lane, Apartment 101, Oxon Hill, Maryland, and seized items that counsel for the defendant believes the government will offer at the trial of this case.

3.   The above search violated the Fourth Amendment to the United States Constitution, because the affidavit underlying the warrant did not establish probable cause to believe evidence of a crime would be found at the location. See <u>Doe v. Broderick</u>, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be

founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."; Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present affidavit containing facts sufficient to Aprovide the magistrate with a substantial basis for determining the existence of probable cause"; probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place); Brinegar v. United States, 338 U.S. 160, 175 (1949) (probable cause means Amore than bare suspicion").

4. Moreover, the proffered affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant.  See United States v. Leon, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith).

5. In addition, the application for the search warrant for 2242 Virginia Lane, Apartment 101, Oxon Hill, Maryland included one or more false statements and/or omissions that were made "knowingly and intentionally, or with reckless disregard for the truth. . . ." Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (authorizing attacks on facially sufficient search warrant affidavits in circumstances in which the defendant can make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.").

6. The defendant also moves to suppress all derivative information obtained from a result of this search, in part because any such evidence obtained must be suppressed under the

fruit of the poisonous tree doctrine.  See Wong Sun v. United States, 371 U.S. 471, 487-88 (1963).

7. Investigation is ongoing and defense counsel therefore reserves the right to supplement this motion as additional information becomes available.

WHEREFORE, as a result of the constitutional violations alleged herein, the defendant requests that this Court enter an Order suppressing for use as evidence all tangible and derivative evidence seized pursuant to the search warrant executed at 2242 Virginia Lane, Apt 101, Oxon Hill, Maryland, on April 25, 2014, and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
 for the District of Maryland


/s/_____
AMY S. FITZGIBBONS
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland  20770
Tel:  (301) 344-0600
Fax:  (301) 344-0019
Email: amy_fitzgibbons@fd.org